IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF B.H. PROPERTIES, LLC,<br>  *Plaintiff*<br><br>V.<br><br>DURO-LAST, INC., D/B/A DURO-LAST ROOFING, INC, and<br>PARSONS COMMERCIAL ROOFING, INC. a/k/a PARSONS ROOFING | CIV. ACTION NO. 3:19-cv-246 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF B.H. PROPERTIES, LLC, Plaintiff herein, and files this original Complaint against Defendants, DURO-LAST, INC., d/b/a DURO-LAST ROOFING, INC., and PARSONS COMMERCIAL ROOFING, INC. a/k/a PARSONS ROOFING, alleging as follows:

**I. PARTIES**

1.   Plaintiff, America Home Assurance Company ("Plaintiff"), is incorporated in the state of New York, with its principal place of business in New York.  Plaintiff is an insurance company authorized to conduct business in the State of Texas.  Plaintiff files this cause on its own behalf and as subrogee of B.H. Properties, LLC (hereinafter "BH Properties"). However, the undersigned counsel for Plaintiff does not represent BH Properties and is not authorized to accept service, pleadings or discovery on its behalf.

2.     Defendant Duro-Last, Inc. is a foreign corporation with its principal place of business in the state of Michigan.  Duro-Last, Inc. is incorporated in the state of South Dakota.  Upon information and belief, Duro-Last, Inc. does business under the trade name of Duro-Last Roofing, Inc.   This Defendant (hereinafter "Duro-Last") maybe served by serving its registered agent by Certified Mail Return Receipt Requested:  CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

3.     Defendant Parsons Commercial Roofing, Inc., a/k/a Parsons Roofing, ("Parsons") is a domestic corporation with headquarters located in Lorena, Texas, and may be served by serving its registered agent by Certified Mail Return Receipt Requested: Stuart Parsons, Jr., Parsons Commercial Roofing, Inc., 596 Beaver Lake Rd., Waco, TX 76705.

## II. JURISDICTION

4.     This court has jurisdiction over this cause under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. The Western District of Texas, El Paso Division, has proper jurisdiction because the events made the basis of this suit occurred within the El Paso Division and the real property at issue is within the El Paso Division.  This court further has jurisdiction over Duro-Last, a non-resident corporation, because Duro-Last actively conducts business through an office in Carrollton, Texas, and actively conducted business within the state by contracting with Defendant Parsons, a Texas resident corporation, to perform a contract within the State of Texas.

## III. FACTUAL BACKGROUND

5.     At all times relevant to this claim, Plaintiff provided insurance to BH Properties, including commercial property located at 1401 Pullman Dr., El Paso, Texas 79936 ("the Property").  BH Properties contracted with Parsons Roofing for the installation of a roof on the Property.  The roofing system to be installed was a Duro-Last TPO membrane, 60 mil,

manufactured by Duro-Last and mechanically attached with 1.5" ISO board per core. Duro-Last provided a warranty for its roofing system. Upon information and belief, Parsons Roofing also provided a warranty for the installation of the roof.

6. On December 1, 2018, BH Properties filed a claim for numerous roof leaks on the Property. An inspection of the roof was conducted and multiple samples of the membrane were examined. The testing determined that the PVC membrane had been compromised, leading to the failure of the roofing system. In addition, sections of the roofing system had been installed or repaired using the wrong materials, leading to further failure of the roofing system. The samples indicated water penetration over a sustained period.

7. The estimated cost to repair the roof and resulting damages from multiple water leaks on the Property is currently evaluated at $942,460.00, but that is not a final amount. Pursuant to the terms of the insurance policy issued by Plaintiff covering the Property, Plaintiff is subrogated to the rights of BH Properties.

## IV. CAUSES OF ACTION

### Count 1: Strict Product Liability: Duro-Last

8. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

9. The roofing system designed, manufactured and sold by Duro-Last was defectively manufactured, designed, and/or marketed in an unreasonably dangerous condition, which was the proximate and producing cause of the failure of the roof. The defective condition of the system made it unreasonably dangerous, taking into consideration the utility of the product and its intended use. The materials used in the membrane are such that the plasticizers are lost through

migration as the material ages in exposure to ultraviolet light and other known environmental factors, rendering the membrane brittle and subject to catastrophic failure. This is a known failure mode in the industry. This use of such plasticizers is a defect in the Duro-Last system that renders the entire system subject to failure, as the membrane degrades, shatters, and leads to leaks or other catastrophic failure.

10. The roofing system sold to Plaintiff was installed in the same condition under which it left the manufacturer. Duro-Last failed to warn of the PVC membrane's susceptibility to degradation when exposed to the elements, and failed to instruct BH Properties to inspect the roof periodically for signs of shattering that indicate failure and the need to replace the roof. Pursuant to Tex. Civ. Prac. & Rem. Code 16.012(b), this action is brought within 15 years of the purchase of the roofing system from Duro-Last.

### Count 2: Breach of Warranty: Duro-Last

11. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

12. Duro-Last provides a "no dollar limit" 15-year warranty for its products when installed by Duro-Last authorized dealers/contractors. At the time of the installation, Parsons Roofing was an authorized dealer/contractor for Duro-Last. The warranty covers any defect in the Duro-Last system as well as the workmanship of the contractor that installed it.

13. Testing conducted after a joint site inspection of the roof concluded that the materials used in the PVC membrane manufactured and sold by Duro-Last had degraded during the warranty period. The known degradation of the plasticizers as described herein is a defect in the Duro-Last system that renders the entire system subject to failure, as the membrane degrades,

shatters, and leads to leaks or other catastrophic failure.  The warranty provided covers such defect, yet Duro-Last has denied the warranty claim.

### Count 3: Negligence: Duro-Last

14.     Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

15.     Alternatively, Duro-Last was negligent by failing to design, manufacture, and market a product that was safe for its intended use, and releasing same into the stream of commerce. Duro-Last owed a duty to design, manufacture, and market the roofing system for its intended use on flat buildings.  Duro-Last breached that duty and failed to use ordinary care in acting as a reasonably prudent manufacturer by selling a roofing system with a known defect and failing to warn of the membrane's susceptibility to shattering, which proximately caused the damages to the Property.

### Count 4: Breach of Contract: Parsons Roofing

16.     Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

17.     Parsons Roofing entered into a contract with BH Properties for the installation of the roof.  The contract provided that the installation would be done in a good and workmanlike manner, with the materials set forth in the contract.  Parsons breached the contract by failing to select and/or install the proper materials on the roof pursuant to the contract terms.  This breach was the proximate cause of the roof's failure and resulting damages.

### Count 5: Breach of Warranty: Parsons Roofing

18. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

19. Plaintiff would show that Defendant Parsons warranted its workmanship, which includes the selection of materials for use in the roof replacement. The joint inspection of the roof revealed that improper roofing materials had been installed in Section 3 of the roof, rendering it susceptible to failure. Leaks were found in Section 3 that were proximately caused by the selection and installation of the improper materials. Due to this breach of warranty, the Property sustained water penetration and resulting damages.

### Count 6: Negligence: Parsons Roofing

20. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

21. Alternatively, Parsons Roofing was negligent in the roof installation by selecting materials that were improper for use on the roof. Parsons owed a duty to use reasonable care in selecting and installing the roofing system on the Property. Parsons breached that duty and failed to use ordinary care in acting as a reasonably prudent roofing contractor by selecting and installing improper materials, which proximately caused the damages to the Property.

### V. JURY DEMAND

22. Plaintiff demands a jury trial.

## VI. CONDITIONS PRECEDENT

23. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VII. ATTORNEY'S FEES

24. Plaintiff has employed the undersigned attorneys to represent it in this proceeding, and has agreed to pay such attorney a reasonable fee. Due to the breaches of warranty asserted herein, Plaintiff may recover, in addition to the amount of damages for the above causes of action, a reasonable attorneys' fee for services rendered.

## VIII. DAMAGES

25. As a direct and proximate result of the conduct of Defendants and the events and conditions subject of this lawsuit, the BH Properties suffered property damages of at least $942,460.00. Plaintiff brings this cause of action for the entire claim for damages, including its insured's deductible, in Plaintiff's name as subrogee of BH Properties, LLC.

## IX. FOR THE COURT ONLY

26. Plaintiff carried a policy of insurance issued to BH Properties, providing coverage for damages it sustained from the events and conditions made the subject of this lawsuit. As a result, Plaintiff paid and/or will pay insurance benefits to or on behalf of BH Properties Plaintiff would show that it is contractually and equitably subrogated to the breach of warranty causes of action of BH Properties, and may bring this claim against Defendants for the total amount of damages suffered by BH Properties, including recovery of any deductible, for which Plaintiff pleads. *See Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 636 (Tex.App.--Amarillo 1983, writ ref'd n.r.e.); *see also Highlands Ins. v. New England Ins.*, 811 S.W.2d 272, 274 (Tex.App.--San Antonio 1991, no writ); *F. H. Vahlsing, Inc. v. Hartford Fire Ins. Co.*, 108

S.W.2d 947, 950 (Tex.Civ.App.--San Antonio 1937, writ dism'd); *Lancer Corp. v. Murillo*, 909 S.W.2d 122, 127 (Tex.App.--San Antonio 1995, no writ); and 46a Tex Jur 3rd, *Insurance Contracts and Coverage* § 1139 (citing *Rushing v. Int'l Aviation Underwriters, Inc.*, 604 S.W.2d 239 (Tex.Civ.App.--Dallas 1980, writ ref'd n.r.e.) and *Liberty Mutual Ins. Co. v. General Ins. Corp.*, 517 S.W.2d 791 (Tex.Civ.App.--Tyler 1974, writ ref'd n.r.e.)).

## X. PRAYER

27.     WHEREFORE, PREMISES CONSIDRED, Plaintiff prays that upon trial of this cause judgment be rendered against Defendants in favor of Plaintiff for damages suffered of at least $942,460.00, for attorney's fees, pre-judgment and post-judgment interest at the applicable rates, for costs of Court, and for such other and further relief, both general and special, at law or in equity to which Plaintiff may be justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

**KELLY, SMITH & SCHMIDT, P.C.**

*/s/ Laura D. Schmidt*
_____
Laura D. Schmidt
State Bar No. 22142300
schmidt@kellysmithpc.com
5700 Tennyson Parkway, Ste. 300
Plano, TX 75074*
(972) 838-7300 Telephone
(713)861-7100 Facsimile

Charles T. Kelly
State Bar No. 11216840
kelly@kellysmithpc.com
4305 Yoakum Blvd.
Houston, Texas 77006
(713)861-9900 Telephone
(713)861-7100 Facsimile

\* *Please direct all mailed correspondence to the Houston address*

**ATTORNEYS FOR PLAINTIFF, AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF B.H. PROPERTIES, LLC**